UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GERROD L. RODGERS,<br><br>  Plaintiff,<br><br>v.<br><br>CENTRAL PORTFOLIO CONTROL, INC.,<br><br>  Defendant. | CIVIL ACTION<br><br>COMPLAINT 2:21-cv-00167<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Plaintiff, GERROD L. RODGERS ("Plaintiff") by and through his undersigned counsel, complaining of the Defendant, CENTRAL PORTFOLIO CONTROL, INC. ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in the Northern District of Indiana is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

4. GERROD L. RODGERS ("Plaintiff") is a natural person whom at all times relevant resided in Portage, Indiana.

5. CENTRAL PORTFOLIO CONTROL, INC. ("Defendant") is a corporation specializing in the practice of debt collection in various states.

6. Defendant maintains its principal place of business at 10249 Yellow Circle Dr. Suite 200, Minnetonka, Minnesota 55343.

7. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts in the state of Indiana that are owed or due or asserted to be owed or due another.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

9. In or around 2011, Plaintiff was a victim of identity theft after his tax documents were stolen.

10. At that time, Plaintiff filed a police report.

11. In or around 2016 an account with Sears Automotive ("Sears") was fraudulently open in the Plaintiff's name that subsequently accrued a balance ("subject debt").

12. Plaintiff first discovered the fraudulent account after receiving a call from a collection agency attempting to collect for subject debt in 2017.

13. Promptly thereafter, Plaintiff disputed the subject debt as a fraud with Sears directly.

14. Sears provided details that the account was opened in Chicago, Illinois and service was completed on a Ford vehicle.

15. Plaintiff knows that the subject debt does not belong to him because he has only resided in the state of Indiana and the never owned the model of the Ford vehicle serviced.

16. After disputing the account, Sears told the Plaintiff that they would remove the account resolving the matter in 2017.

17. On or around January 2021, Plaintiff began to receive collection calls from Defendant on his cellular telephone, ending in -1170, attempting to collect the subject debt.

18. After Defendant offered a reduced balance to satisfy subject debt, Plaintiff explained that this was a fraudulent account and is not responsible for the balance of the subject debt.

19. Plaintiff's dispute fell on deaf ears as the Defendant continued to send collection letters and place calls to the Plaintiff attempting to collect on subject debt.

20. Plaintiff has disputed the account with Defendant no less than 5 times.

21. In total, Plaintiff has received no less than 20 calls made by Defendant.

22. Defendant mainly called Plaintiff's cellular phone number from phone number including, but not limited to: (800) 606-6841.

23. On a recent call, Defendant insinuated to the Plaintiff that he would need to acknowledge the subject debt then he could dispute any inaccurate details on the account.

24. Plaintiff again reiterated to Defendant that the subject debt did not belong to him.

25. Concerned that the subject debt was damaging his credit, Plaintiff reviewed his report and found that the Defendant was inaccurately reporting the fraudulent account to all three major reporting agencies.

26. Specifically, the Defendant has neglected to add the Plaintiff's pervious disputes as a remark to his Experian report.

27. Plaintiff grew more distressed that the negative reporting would affect his livelihood and searched for other avenues to assist him in repairing the damage to his credit report.

28. Concerned his statutory rights being violated, by the constant harassment calls, collection efforts for debt not owed and false reporting, Plaintiff contacted counsel to ensure his rights were protected.

## DAMAGES

29. After the discussion with Defendant's representative, Plaintiff was misled to believe that disputing the validity of the subject debt would assume responsibility for the subject debt.

30. Defendant neglected to mark Plaintiff's Experian report as consumer dispute that promoted false information to credit agencies resulting in damage to his credit.

31. The conundrum created by Defendant's harassing collection calls caused Plaintiff significant emotional distress and anxiety due to his financial means.

32. Concerned with Defendant's abusive collection efforts, Plaintiff was forced to retain counsel to vindicate his rights.

## COUNT I

33. Plaintiff restates and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

   a. **Violations of FDCPA §1692d**

34. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in an conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits "causing a telephone to

ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

35. Defendant violated §§1692d and d(5) when it continuously called Plaintiff seeking to collect upon a debt and offering a payment plan to Plaintiff.

36. Additionally, Defendant violated §§1692d and d(5) when it continuously placed phone calls to Plaintiff's cellular telephone after Plaintiff made clear that the subject debt did not belong to him.

37. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff.

### b. Violations of FDCPA § 1692e

38. Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

39. Section 1692e(8) of the FDCPA prohibits a debt collector from "communicating or threatening to communicate to any person credit information which is known of which should be known to be false. . ." 15 U.S.C. §1692e(8).

40. Defendant violated §1692e(8) by communicating false credit information by failing to notate that the subject debt was disputed on Plaintiff's credit reports. On January 2021, Plaintiff notified Defendant that he did not owe the subject debt, so Defendant had actual knowledge that the subject debt was disputed.

41. However, in the month that followed Plaintiff's dispute, Defendant failed to notate that the subject debt was disputed despite updating the tradeline on Plaintiff's credit reports.

42. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Defendant failed to notate that the subject debt was disputed on Plaintiff's credit reports, thereby creating a false representation of Plaintiff's credit worthiness.

### c. Violations of 15 U.S.C. §1692f

43. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

44. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means in its attempts to collect the subject debt.

45. Specifically, it was inherently unfair and unconscionable that Defendant continued to collect on a debt not owed by Plaintiff.

**WHEREFORE** Plaintiff, GERROD L. RODGERS, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: May 19, 2021　　　　　　　　　　　　Respectfully Submitted,

**GERROD L. RODGERS**

*/s/ Victor T. Metroff, Esq.*
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181 (phone)
(630) 575-8188 (fax)
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com